Judge: SAMUEL J. STEINER
Chapter: 7
Hearing: March 11, 2011 at 9:30 a.m.
Responses due: March 4, 2011

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| In Re: | No. 10-24739-SJS |
|---|---|
| BRIAN CHANG | OBJECTION TO EXEMPTIONS AND MOTION FOR TURNOVER, NOTICE OF HEARING THEREON AND DECLARATION OF SERVICE BY MAIL |
| Debtor(s). | |

NOTICE OF HEARING

TO: The Clerk of the Court, the Debtor and his attorney:

PLEASE TAKE NOTICE that a hearing has been set for March 11, 2011 at 9:30 a.m. on the Trustee's Objection and Motion as set forth below. The hearing will be held in the Courtroom of the Honorable Samuel J. Steiner, Room 8206 United States Courthouse, 700 Stewart Street, Seattle, WA 98101. If no timely responses are filed an Order will be presented granting the relief sought,

OBJECTION TO EXEMPTIONS AND MOTION FOR TURNOVER

Michael B. McCarty, the duly appointed Chapter 7 Trustee in the above-captioned bankruptcy case, objects to the debtor's exemptions and moves for turnover of non-exempt assets and also for turnover of the copies of the bank statements the debtor is required to provide to the trustee prior to the first meeting of creditors and in support thereof states as follows:

1. The debtor filed a petition for relief under the bankruptcy code on December 9, 2010 and the first meeting of creditors was held on January 13, 2011.

2. In his schedules the debtor states that on the date of filing he had $6,142.00 in a bank account at Bank of America. He claims $988.86 exempt under RCW 6.15.010(3)(b) and $2,700 exempt under RCW 6.15.010(3)(a). Furthermore, the bank statements provided to the Trustee as required by

Bankruptcy Rule 4002 ends on December 2, 2011. Although the Trustee requested a bank statement showing the balance in the account on the date of filing the debtor has not yet provided it. The Trustee therefore requests that the Debtor be Order to provide this statement for the Bank of America Account so that the amount that should be turned over to the trustee may be determined.

3. The Trustee objects to the exemptions claimed for cash. RCW 6.15.010(3)(a) is an exemption for household goods and furnishings not cash or deposits. RCW 6.15.010(3)(b) allows an exemption in other personal property not to exceed $2,000 of which not more than $200 may be in cash and $200 may be in bank accounts, savings and loan accounts, stocks, bonds or other securities.

4. Included in the Rule 4002 documents was a statement for a Fidelity account which shows that on November 30, 2010 the debtor held $5,611.14 in a general investment account and $373.37 in an IRA account. The general account was not disclosed and is otherwise non-exempt. The funds in the general account at Fidelity should be turnover over to the Trustee immediately.

WHEREFORE the Trustee objects to the debtor's exemptions and moves for turnover of at least $11,353.14.

Respectfully submitted this 8th day of February, 2011.

*/s /Michael B. McCarty*

Michael B. McCarty, WSBA #13162
Chapter 7 Trustee

CERTIFICATE OF SERVICE BY MAIL

The undersigned certifies under penalty of perjury that on this 8th day of February, 2011 she deposited in the United States mail, proper postage prepaid, envelopes containing a copy of this document addressed to:

Brian Chang
14850 SE 9th PL.
Bellevue, WA 98007

Jefferson Coulter
1741 First Ave. S. Suite 200
Seattle, WA 98102

<u>/s/ Kristina Eals</u>
Krystina Eals

**Michael B. McCarty, Trustee**
400 Warren Ave., Suite 411
Bremerton, WA 98337
(360) 377-2516